IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA,<br><br>    Plaintiff,<br><br>    v.<br><br>R. ST. ANDRE, et al.,<br><br>    Defendants. | No.  2:23-CV-0651-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for injunctive relief.  See ECF No. 2.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

This case proceeds on Plaintiff's original complaint on his claims of violation of the First Amendment, Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA).  See ECF No. 15.  Plaintiff claims that prison officials at High Desert State Prison, as well as the Director of the California Department of Corrections and Rehabilitation, denied him Kosher meals in 2022 and 2023.  See id.  Plaintiff has since been transferred to California State Prison – Corcoran.  See ECF No. 19 (notice of change of address).

The Court finds that injunctive relief is not warranted at this time.  First, Plaintiff has not explained how the denial of Kosher meals will result in an injury that is irreparable.  Second, to the extent Plaintiff is seeking injunctive relief from defendants who are prison officials at High Desert State Prison, his transfer to another prison renders the motion for injunctive relief moot without evidence of an expectation of being returned, which has not been presented here.  See Prieser, 422 U.S. at 402-03.  Third, to the extent Plaintiff seeks injunctive relief against prison officials who are not parties to the action, the Court cannot grant relief.  See Zenith Radio Corp., 395 U.S. at 112.  Finally, Plaintiff has not demonstrated a particular likelihood of success on the merits and, with a motion to dismiss pending, the Court cannot conclude that Plaintiff is in fact likely to succeed on the merits.

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 2, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 24, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE